**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

JAMES PARRISH,

    Plaintiff,

       v.                          CAUSE NO. 3:25-CV-974-TLS-JEM

RON NEAL and DAWN BUSS,

    Defendants.

OPINION AND ORDER

James Parrish, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983.[1] (ECF 1.) In accordance with 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Parrish is proceeding without counsel, his allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Parrish is an inmate at Indiana State Prison. He claims that beginning in October 2025, there have been several lockdowns in his cellhouse lasting from a few days to a few weeks. During the lockdowns, his only drinking water allegedly comes from a "toilet/sink spigot" in his

---

[1] On February 27, 2026, Parrish was ordered to show cause why the initial partial filing fee had not been paid. (ECF 4.) After the order issued, the initial partial filing fee was received by the clerk. (ECF 5.) No further action is required on his part, and the case will proceed to screening.

cell. He claims the water coming out of this spigot is "light brown and greyish in color" and "smells of sewage and feces." He and other inmates usually get filtered water from a nearby drinking fountain, but during the lockdowns they cannot leave their cells to get water.

He further claims it is well known among prison staff that the water in his cellhouse is unsafe. Warden Ron Neal and Assistant Warden Dawn Buss allegedly told prison staff not to drink the water and installed a water filtration system at each officers' station, but did not do the same for inmates. He claims these high-ranking officials knew he had no access to clean drinking water during the lockdowns but did nothing to remedy the problem.

Prisoners cannot be subjected to cruel and unusual punishment under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994). An Eighth Amendment claim has both an objective and subjective component. *Id.* The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that the act or omission of a staff member resulted in "the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (cleaned up). On the subjective prong, deliberate indifference represents a high standard, and "negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to prove an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must allege "a culpability standard akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021).

Parrish satisfies the objective prong because the Eighth Amendment entitles inmates to adequate drinking water, and he claims the water he was provided was visibly dirty and foul-smelling. *Id.* at 721; *Hardeman v. Curran*, 933 F.3d 816, 823–24 (7th Cir. 2019). He further claims the defendants were personally aware of the serious problems with the water but did

nothing to ensure he had clean drinking water during lockdowns. He has alleged enough to proceed on a claim for damages against the defendants under the Eighth Amendment.

His complaint can also be read to allege that he needs permanent injunctive relief to remedy the lack of clean drinking water during lockdowns, which occur with some frequency in his unit. Warden Neal has both the authority and the responsibility to ensure that inmates at his facility are provided with adequate drinking water in accordance with the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). He will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for permanent injunctive relief related to his need for clean drinking water during lockdowns.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Warden Ron Neal and Deputy Warden Dawn Buss in their personal capacity for money damages for failing to provide him with clean drinking water during lockdowns from October 2025 to the present in violation of the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against Warden Ron Neal in his official capacity for permanent injunctive relief related to his need for clean drinking water during lockdowns as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Ron Neal and Deputy Warden Dawn Buss at Indiana State Prison and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

3

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Warden Ron Neal and Deputy Warden Dawn Buss to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 24, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT